[No. 7732.   Department Two.   December 20, 1909.]

JOHN CATLIN et al., Appellants, v. W. T. SHELDON et al., Respondents.[1]

APPEAL—REVIEW—FINDINGS. Findings upon conflicting evidence, supported by the testimony of many witnesses, will not be disturbed on appeal where the trial court had the advantage of seeing and hearing the witnesses.

EVIDENCE—WEIGHT. Negative testimony which cannot be accounted for or explained away on the theory of mistake or lack of knowledge is entitled to the same consideration as other testimony.

Appeal from a judgment of the superior court for Kittitas county, Rigg, J., entered April 3, 1908, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to quiet title to water rights in a stream. Affirmed.

A. L. Slemmons, for appellants.

Carroll B. Graves and John H. McDaniels, for respondents.

[1]Reported in 105 Pac. 828.

PER CURIAM.—This case involves questions of fact only. For this reason a statement of the issues presented or a review of the testimony given would be of little interest to the parties immediately concerned, and of no possible interest to the state at large. Briefly stated, the case is this: the appellants allege and contend that in the summer of 1871 one Mathias Becker appropriated and diverted from the Manashtash creek, a mountain stream in Kittitas county, 300 inches of water, measured under a four-inch pressure according to the custom of miners, and thereafter used the same for irrigation, stock and domestic purposes, on certain lands then owned or claimed by him; that thereafter Becker, by mesne conveyances, transferred and conveyed the water rights thus acquired to the appellants, who are now the owners thereof, in fee simple, and in possession. The respondents, on the other hand, contend that no appropriation or diversion whatever was made by Becker until late in the year 1873; that only a few inches of water at best was ever applied by him to any beneficial use; that he transferred 50 inches of water from the same appropriation to one Slingsby long prior to the conveyance under which the appellants claim; that he abandoned his rights and claims, if any he ever had, etc.

The appellants' claim is supported by the testimony of Becker alone, though two other witnesses testified that they saw water in a ditch or depression through which the Becker appropriation was diverted, in the fall of 1871, and again in 1872, some few miles above the Becker place. Opposed to this is the testimony of a very considerable number of witnesses produced by the respondents.

The appellants earnestly insist that inasmuch as the witness Becker testified by deposition, this court occupies as favorable a position to weigh his testimony as did the court below, and that the opposing testimony, of a negative character, is not sufficient to overcome the direct and positive testimony of the witness Becker. This court may occupy as favorable a position as did the court below, in so far as this

particular witness is concerned, but that court had the usual advantage in the consideration of the testimony given in open court by the witnesses for the respondents. The respondents' witnesses, from the nature of the issues presented and from the necessities of the case, testified that there was no ditch at a certain place in certain years, and that little or no water was used on the Becker place, but this fact does not destroy or impair the effect of their testimony. If a witness testifying to a negative has the same opportunity for knowing the facts testified to as has the witness who testifies to affirmative matter, so that the negative testimony cannot be accounted for or explained away on the theory of mistake or lack of knowledge on the part of the witness, the testimony of the one is entitled to the same consideration as the testimony of the other, all else being equal. Such was the case here. Many witnesses on the part of the respondents testified that there was no such ditch as that testified to by Becker, earlier than 1873, and that not to exceed a few inches of water was ever used on the Becker place from the Manashtash creek for any purpose. Their testimony showed great familiarity with the locality, and a very full and accurate knowledge of the facts in relation to which their testimony was given. Under such circumstances this court will not undertake to say that the conclusion of the trial court was erroneous. Its judgment is therefore affirmed.